REDACTED

-FILED-

AUG 18 2021

GARY T. BELL, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CAUSE NO. 2:21-CR-110 |
| v. ) | |
| ) | |
| NATASHA WEEKS ) | 18 U.S.C. § 1343 |

## INDICTMENT

### COUNT ONE
(Wire Fraud-SBA)

**THE GRAND JURY CHARGES:**

**General Allegations**

At times material to this Indictment:

1. The United States Small Business Administration (SBA) is an executive branch agency of the United States government that provides support to entrepreneurs and small businesses. The mission of the SBA is to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting the economic recovery of communities after disasters.

2. As part of this effort, the SBA enables and provides loans through banks, credit unions and other lenders. These loans have government-backed guarantees. In addition to traditional SBA funding programs, the CARES Act,

1

which was signed into law in March 2020 after the President of the United States declared a nationwide emergency in response to the COVID-19 pandemic. The Cares Act established several new temporary programs and provided for the expansion of others to address the economic disaster.

3. One of these new programs was an expansion of an existing disaster-related program, the Economic Injury Disaster Loan (EIDL) to provide for loan assistance (including $10,000 advances) for small businesses and other eligible entities for loans up to $2 million. The EIDL proceeds may be used to pay fixed debts, payroll, accounts payable and other bills that could have been paid had the disaster not occurred.

4. EIDL funds are issued directly from the United States Treasury and applicants apply through the SBA via an online portal and application. The EIDL application process, which also uses certain outside contractors for system support, collects information concerning the business and business owner including when a business came into existence; gross revenues for the business prior to January 31, 2020; the cost of goods sold; and the number of employees. Applicants electronically certify that the information provided is accurate and are warned that any false statement or misrepresentation to the SBA or any misapplication of loan proceeds may result in sanctions, including criminal penalties.

## Scheme to Defraud the SBA

5. On or about June 20, 2020 continuing through July 2020, in Northern District of Indiana and elsewhere, defendant NATASHA WEEKS, devised and intended to devise a scheme to defraud the SBA and obtain money by means of materially false and fraudulent pretenses, and representations.

6. It was part of the scheme that defendant sought, to fraudulently obtain disaster-related benefits in the form of an SBA-sponsored EIDL loan by falsely claiming to be an Illinois business owner of a hair salon allegedly located in Chicago Heights, Illinois. Defendant NATASHA WEEKS claimed the busines was called Weeks Hair Braiding/Weeks Hair Shop. No such business existed at the address defendant NATASHA WEEKS identified on her SBA application.

7. It was part of the scheme that defendant electronically submitted the SBA EIDL loan application for the non-existent Illinois business from an IP address in East Chicago, Indiana which was then routed to the SBA electronically through Seattle Washington. Defendant NATAHSA WEEKS' application contained false statements, and misrepresentations that the hair salon existed since 2017, that she owned the business since May 2020, that the business employed 20 people and that the cost of goods sold was $150,000.

8. It was further part of the scheme to defraud that although Defendant NATASHA WEEKS did occasionally style hair out of her East Chicago, Indiana apartment the business did not generate any significant revenue and did not employ 20 people.

9. It was further part of the scheme to defraud that defendant falsely attested on the loan application that the information presented was true and accurate.

10. It was further part of the scheme that on or about July 7. 2020, a $10,000 SBA EIDL loan was electronically credited to defendant NATASHA WEEKS, PNC SmartAccess Prepaid Visa Card to support her non-existent hair salon.

### Wire Fraud

11. On or about June 20, 2020 continuing through on or about July 7, 2020 in the Northern District of Indiana and elsewhere, the defendant,

**NATASHA WEEKS,**

for the purpose of executing the above-described scheme and artifice to defraud, and for obtaining money by means of materially false and fraudulent pretenses, representations and promises, did knowingly and willfully transmit and cause to be transmitted by means of wire communications in interstate commerce an EDIL application from a location in the Northern District of

Indiana through a location outside the State of Indiana.

In violation of Title 18, United States Code, Section 1343.

## COUNT 2
## (Wire Fraud Unemployment Benefits)

**THE GRAND JURY FURTHER CHARGES:**

### General Allegations

At all time relevant to this Indictment:

1. Defendant NATASHA WEEKS never lived or worked in Arizona.

2. Defendant NATASHA WEEKS lived in an apartment located in East Chicago, Indiana.

3. 1200 E. University Blvd., Tucson, Arizona is an administration Building for the University of Arizona and does not contain residential housing.

### Scheme to the State of Arizona

4. It was part of the scheme that on or about June 16, 2020, defendant NATASHA WEEKS caused the electronic submission of an unemployment benefit application to the State of Indiana through the Arizona Pandemic Unemployment Assistance Portal.

5. It was part of the scheme that defendant NATASHA WEEKS falsely identified her residence as 1200 E. University Blvd., Tucson, Arizona.

6. It was further part of the scheme that defendant NATASHA WEEKS falsely identified her last day of work in the State of Arizona as April

5, 2020 and that she was laid off from work due to a business closure caused by COVID-19.

## Wire Fraud

7.  On or about June 16, 2020, in the Northern District of Indiana and elsewhere, the defendant,

**NATASHA WEEKS,**

for purpose of executing the above described scheme and artifice to defraud the State of Arizona and for obtaining money, specifically Arizona Unemployment Benefits to which she was not entitled by means of materially false and fraudulent pretenses and representations did knowingly and willfully transmit and cause to be transmitted by means of wire communications in interstate commerce an application for unemployment benefits from a location in the Northern District of Indiana to a location outside the State of Indiana.

In violation of Title 18, United States Code, Section 1343.

## FORFEITURE ALLEGATIONS

1. The allegations contained in Counts 1 through 2 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C).

2. Upon conviction of the offenses in violation of Title 18, United States Code, Section 1343 set forth in Counts 1-2 of this Indictment, the defendant, NATASHA WEEKS, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation(s).

3. The United States will also seek a forfeiture money judgment equal to the value of any property, real or personal, which constitutes or is derived from proceeds traceable to the offense(s).

4. If any of the property described above, as a result of any act or omission of the defendant[s]:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be

divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL:

/s/ Foreperson
FOREPERSON

TINA L. NOMMAY
ACTING UNITED STATES ATTORNEY


By: /s/ Diane L. Berkowitz
Diane L. Berkowitz
Assistant United States Attorney